SAMUEL TATE *v.* JOHN S. KENDRICK, ET AL.

**Duty of Justices to Provide for County Jail.**
It is the duty of the justices to provide a county jail and to determine the necessity for building a new one, and they may be proceeded against and penalties imposed for a dereliction of duty in regard to it.

**Levy of Taxes.**
Where under a special act a county is authorized to levy a tax of twenty cents on the hundred dollars for a specific purpose, it is not permitted to levy such tax in addition to the general tax for such purpose. The general law and the special act must be construed together to ascertain the legislative intent.

APPEAL FROM PULASKI CIRCUIT COURT.

October 26, 1878.

OPINION BY JUDGE PRYOR:

The justices composing the court of claims had the undoubted right to determine the necessity for building a new jail, and this right is not to be questioned for no other reason than that others may differ with them as to the propriety of such action.

The exercise of such a discretion is not only given the county court, but the justices may be proceeded against and penalties imposed for a dereliction of duty in this regard. They are the exclusive judges of the necessity for making such an expenditure., and besides, in this case the grand jury had not only reported the jail as insufficient, but the circuit judge had taken steps to compel the jus-

tices to discharge their duty. Although the propriety of the order is not to be questioned on the ground of expending, another question has been made in the case entitled to more consideration, and upon which, doubtless, the court below perpetuated the injunction.

The 6th section of Chap. 89, General Statutes, empowers the county court to levy an ad valorem tax of not exceeding fifteen cents on the hundred dollars and apply the proceeds to the rebuilding, finishing or repairing of county buildings. This sum may be imposed as a tax for each year, as is evident from the 8th section of this act, and the right to make the levy applies as well to the erection of new buildings as the repairing of old ones. This levy of fifteen cents was fixed by the legislature as the maximum amount to be imposed for any one year, and when a county court exceeds this sum when ordering a levy such action is void unless sanctioned by some special legislation.

The county court of Pulaski county had asked special legislation on this subject in the year 1873, and was permitted by an enactment applicable alone to that county to levy a tax of twenty cents on the hundred dollars for the erection of public buildings. This was for the erection of a court-house alone, and an increase of the levy was deemed necessary to accomplish that purpose, the levy to be made for several successive years. The legislature said in effect by this local law, the general law applicable to such persons whether in the Revised or General Statutes is so manifest as to permit Pulaski county to impose a tax of twenty cents instead of fifteen cents on the hundred dollars, or such as the general law authorized, but gave no powers to levy a tax of thirty-five cents. The general law in force at that time and the local law must be construed together in order to ascertain the legislative interest, and when this is done there is but little difficulty in reaching a correct conclusion. Pulaski county was not satisfied with the general law on the subject, but wanted the power of the county court enlarged in order that it might impose a tax of twenty instead of fifteen cents.

The law at the time this levy was made was in substance that "county courts have the right to levy an ad valorem tax of fifteen cents, etc., except that of Pulaski county; the county court of that county may for the years 1873, 1874, 1875, etc., levy a tax of twenty cents." If a levy can be made of twenty cents for the court-house, and fifteen cents for the jail, an additional fifteen cents may be levied

for a clerk's office, so you have this burden of taxation increased from fifteen cents per annum to fifty cents.

In order that the citizen might not be burdened with this character of taxation the law-making power has fixed the limit to which the county court may go, and has only enlarged this power with regard to the Pulaski County Court. In this case a levy of twenty cents having been made for erecting public buildings, to be collected in the year 1876, a levy of fifteen cents additional for like purposes could not be made and ordered to be collected the same year, and the sheriff was therefore properly enjoined from proceeding to collect this levy.

Judgment *affirmed.*

*T. Z. Munver, J. S. Vanwinkle, for appellants.*